## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE *et al.*, | Case No. 21-cv-00400 (APM) (lead case) |
| *Plaintiffs*, | |
| v. | *Consolidated with* Case Nos. |
| DONALD J. TRUMP *et al.*, | 21-cv-00586 (APM) |
| *Defendants*. | 21-cv-00858 (APM) |
| | 21-cv-02265 (APM) |
| | 22-cv-00010 (APM) |
| | 22-cv-00011 (APM) |
| | 22-cv-00034 (APM) |
| | 23-cv-00038 (APM) |

## JOINT CASE STATUS REPORT

Pursuant to the Court's May 13, 2025 Minute Order, and ahead of the June 25, 2025 Status Conference, the undersigned parties have conferred and jointly prepared the following Joint Status Report.[1] The United States of America, which has requested to substitute itself in the place of Defendant Donald J. Trump as to certain claims, joins only as to Sections I and II.G and takes no position as to the rest of the status report.

### I.    Presidential Immunity and Westfall Substitution

Defendant Donald J. Trump's pending motions for summary judgment on the ground of Presidential immunity and for reconsideration of the denial of his motion to dismiss on First Amendment grounds are fully briefed. *See Lee* ECF Nos. 144, 145, 152, 154, 171, 174.

Plaintiffs' pending motion for judicial notice of certain public records and facts is also fully briefed. *See Lee* ECF No. 153, 172, 181.

---

[1] Plaintiffs sent a draft of this report to all appearing Defendants. Defendants Felipe Antonio Martinez, Joseph Biggs, Derek Kinnison, Ethan Nordean, Erik Scott Warner, Alan Hostetter, Kelly Meggs, Dominic Pezzola, Zachary Rehl, Stewart Rhodes, and Enrique Tarrio did not contribute to this report.

On March 20, 2025, the United States filed a Notice of Substitution for itself in place of Defendant Trump as to Plaintiffs' state law claims in several of the consolidated actions. *E.g.*, *Smith* ECF No. 376. Plaintiffs in the affected actions submitted their pending motion to strike the United States' substitution on May 14, 2025. *Lee* ECF No. 183. The United States submitted its opposition on June 11, 2025. *Lee* ECF No. 188. Plaintiffs' reply is due by June 27, 2025. *Lee* Apr. 11, 2025 Minute Order.

## II.    Issues Specific to the *Smith* Action

The discussion below provides updates regarding the status of discovery in the *Smith* action since May 12, 2025. The prior Joint Status Report filed in the *Smith* action (ECF No. 392) sets forth the status of discovery as of that date.

### A.    Smith Plaintiffs' Discovery Requests

#### 1.    Discovery with the Campaign Entity Defendants

As indicated in the *Smith* parties' May 12, 2025 Joint Status Report (ECF No. 392, at 3), Defendants Donald J. Trump For President, Inc. and Make America Great Again PAC (the "Campaign Entity Defendants") served a privilege log containing more than 2,600 entries on March 6, 2025. Plaintiffs served a deficiency letter on April 16, 2025, and the Campaign Entity Defendants served a responsive letter on May 7, 2025.

On June 5, 2025, the Campaign Entity Defendants served a revised privilege log that withdrew privilege assertions as to 626 documents, which they produced to Plaintiffs in a supplemental production the same day. On June 20, 2025, the Campaign Entity Defendants served a revised privilege log that withdrew privilege assertions as to an additional 119 documents, which they produced to Plaintiffs in a supplemental production the same day. The Campaign Entity Defendants' privilege log currently identifies 1,757 withheld documents and 154 redacted documents. The Campaign Entity Defendants expect this privilege review to be completed this week.

The *Smith* Plaintiffs are continuing to evaluate the Campaign Entity Defendants' supplemental productions and remaining privilege assertions.

**2.    Renewed Request to Compel Defendants Tarrio and Biggs to Respond to Discovery Requests**

In July 2023 and June 2024, the Smith Plaintiffs issued requests for production and interrogatories to Defendants Tarrio, Biggs, Rehl, and Mele. On May 13, 2025, the Court held a hearing on Plaintiffs' contentions that Defendants' discovery responses were deficient and entered a Minute Order ordering Defendants Tarrio, Biggs, and Rehl to either produce records or respond to outstanding discovery by May 19, 2025. In addition, the Court ordered Defendant Mele to meet and confer with Plaintiffs as to outstanding discovery.

Defendant Mele and counsel for the Smith Plaintiffs have met and conferred, and Mele and the Smith Plaintiffs have agreed upon a further extension of the deadline for him to respond to discovery until the earlier of ten days after the Court's ruling on Defendant Mele's motion for summary judgment or September 12, 2025.

Defendant Rehl amended his answers to his interrogatories on May 15, 2025, and responded to Plaintiffs' Third Set of Requests for Production on June 23, 2025.

Defendants Tarrio and Biggs timely served First Amended Responses to the Smith Plaintiffs' First Interrogatories, although neither Tarrio nor Biggs signed those Amended Responses and counsel for Defendants stated in his motion for leave to withdraw his appearance as to Defendant Biggs that he has had no discourse with Defendant Biggs since January 20, 2025. *Smith* ECF No. 403 at 1-2. In addition, the responses omitted the information the Smith Plaintiffs had identified as missing at the May 13, 2025 status conference. Specifically, Interrogatory 5 asks for information regarding Defendants' phone and digital accounts (*e.g.*, email, digital messaging, social media, and online forums). Defendants Biggs and Tarrio still have not provided the account

names or handles, email addresses, or phone numbers for any of their accounts. Defendants Biggs and Tarrio also did not respond to Plaintiffs' Third Set of Requests for Production by the May 19, 2025, deadline set in this Court's May 13 status conference. Nor did Defendants Biggs and Tarrio supplement their responses to Plaintiffs' first two requests for production or produce any documents.

The Smith Plaintiffs addressed these deficiencies to counsel for Defendants Tarrio and Biggs on May 27, 2025. Counsel responded that he would "get to it." On June 11, counsel moved to withdraw his representation of Defendant Biggs. Plaintiffs followed up on June 13, requesting that counsel inform Plaintiffs of whether and when he would be able to supplement the responses on behalf of Defendant Tarrio and respond to Plaintiffs' third set of requests for production. Counsel responded that he would respond "[w]hen and if I have time," and that even if he does, to expect a "very short, pro forma response," as Plaintiffs already have the discovery they seek or can access more easily than Defendant Tarrio.

On June 19, 2025, counsel for Defendants Tarrio and Biggs served responses to Plaintiffs' third set of requests for production on behalf of Defendant Tarrio.

Accordingly, the Smith Plaintiffs renew their request to move to compel Defendants Tarrio and Biggs to respond fully to Interrogatory #5, and to supplement their responses to the Smith Plaintiffs' first two sets of requests for production. The Smith Plaintiffs also request to move to compel Defendant Biggs to respond to Plaintiffs' third set of requests for production.

### 3. Request to Compel *Pro Se* Defendants Martinez, Warner, Kinnison, and Nordean to Respond to Discovery Requests and Serve Initial Disclosures

Defendant Martinez: Plaintiffs served a First Set of Requests for Production on Defendant Martinez on April 4, 2023. Defendant Martinez did not respond. Plaintiffs followed up with Defendant Martinez on February 26, 2024, and May 20, 2025, including addressing their

correspondence to an email address provided by his previous counsel in this case. Defendant Martinez did not respond. Plaintiffs also served a First Set of Interrogatories on Defendant Martinez on May 13, 2025, to which Defendant Martinez has not responded. Defendant Martinez also has not served initial disclosures. Accordingly, Plaintiffs request permission to move to compel Defendant Martinez to respond to Plaintiffs' requests for production and interrogatories and to serve initial disclosures.

Defendant Warner: Plaintiffs served a First Set of Requests for Production on Defendant Warner on April 4, 2023. Defendant Warner did not respond. Plaintiffs followed up by letter on September 12, 2023, November 19, 2024, and May 12, 2025. The November 19, 2024, letter was sent through Defendant Warner's criminal counsel, and Plaintiffs subsequently emailed the May 12, 2025 letter to an email address provided by Defendant Warner's criminal counsel. Defendant Warner did not respond. Plaintiffs also served a First Set of Interrogatories on Defendant Warner on May 13, 2025, to which Defendant Warner has not responded. Defendant Warner also has not served initial disclosures. Accordingly, Plaintiffs request permission to move to compel Defendant Warner to respond to Plaintiffs' requests for production and interrogatories and to serve initial disclosures.

Defendant Kinnison: Plaintiffs served a First Set of Requests for Production on Defendant Kinnison on April 4, 2023, to which Defendant Kinnison responding stating he did not possess any responsive documents. Plaintiffs served a letter requesting Defendant Kinnison to confirm whether his electronic devices had been returned by the FBI. On May 13, 2025, Plaintiffs served a First Set of Interrogatories on Defendant Kinnison. Plaintiffs served the interrogatories and letter by mail and, subsequently, on May 20, 2025, to an email address from which Defendant Kinnison had previously emailed Plaintiffs. Defendant Kinnison has not responded, and the emails have

received bounce messages in response. He also has not served initial disclosures. Accordingly, Plaintiffs request permission to move to compel Defendant Kinnison to supplement his responses to Plaintiffs' request for production, respond to Plaintiffs' interrogatories, and serve initial disclosures.

Defendant Meggs: Plaintiffs served Defendant Meggs with First and Second Sets of Requests for Production on December 1, 2022, and March 28, 2024, respectively, as well as a First Set of Interrogatories on March 28, 2024. Defendant Meggs, who was represented by counsel at the time, objected to the requests for production and responded to the interrogatories. Plaintiffs sent Defendant Meggs, by then proceeding *pro se*, a letter on May 12, 2025, requesting to meet and confer regarding his objections to the discovery requests. Specifically, Plaintiffs sought information on whether his electronic devices had been returned to him. Plaintiffs also requested Defendant Meggs amend his response to Interrogatory 5 to include information that was called for in the interrogatory but not provided in his responses, such as information about his email accounts. Defendant Meggs has not responded. Accordingly, Plaintiffs request permission to move to compel Defendant Meggs to supplement his responses to Plaintiffs requests for production and Interrogatory 5.

Defendant Nordean: Defendant Nordean has not filed an Answer in this case. Plaintiffs served Defendant Nordean with a First Set of Requests for Production on May 11, 2023. On June 12, July 10, and July 13, 2023, Plaintiffs followed up regarding Defendant Nordean's failure to file an answer, serve initial disclosures, or respond to Plaintiffs' requests for production. Defendant Nordean's then-counsel (for the limited purpose of filing a motion to dismiss and motion to stay) stated he would forward Plaintiffs' messages to Defendant Nordean and his family. Plaintiffs then sent letters directly to Defendant Nordean, who was then proceeding *pro se*, on August 2, 2023,

and December 19, 2024. Defendant Nordean did not respond. Accordingly, Plaintiffs request permission to move to compel Defendant Nordean to serve initial disclosures and respond to Plaintiffs' requests for production.

### B.    Campaign Entity Defendants' Discovery Requests

On June 6, 2025, the Court held a discovery conference regarding the Campaign's request to compel Plaintiffs to sign medical releases. The Court denied the Campaign's request, *Smith* ECF No. 406 on June 16, 2025. On June 18, 2025, Plaintiffs sent a letter to the Campaign requesting that the Campaign identify any medical records it believes are missing so that Plaintiffs can obtain them as necessary. The Campaign will be responding to Plaintiffs' letter shortly. Consistent with the discovery rules, the Campaign encourages Plaintiffs' counsel to meet with their clients to determine whether all responsive medical documents have been produced, especially as to the Plaintiffs who have not yet been deposed as it was only due to the Plaintiffs who were deposed that Defendants were able to determine deficiencies in Plaintiffs' productions.

Furthermore, the Campaign intends to conduct Independent Medical Examinations of Plaintiffs. The Campaign will work with Plaintiffs on scheduling those examinations in light of the current stay.

### C.    *Smith* Plaintiffs' Third-Party Discovery

#### 1.    Third-Party Redactions

The Smith Plaintiffs' efforts to reach an agreement with Katrina Pierson, and Kylie and Amy Kremer ("the Kremers") concerning improperly redacted documents in their productions are ongoing.

The Smith Plaintiffs are in communication with Ms. Katrina Pierson about certain improperly redacted documents in her production, and have exchanged correspondence since March. On May 13, 2025, Ms. Pierson advised that she was in the process of retaining counsel. The Smith

Plaintiffs have exchanged correspondence with Ms. Pierson's counsel about her redactions on May 15 and 31, and June 9 and 16. On June 16, 2025, Ms. Pierson's counsel advised that he anticipated responding on or before June 30, 2025. Negotiations remain ongoing. The Smith Plaintiffs will update the Court if resolution is reached or if it appears to require court intervention.

As for Mss. Kylie and Amy Kremer, the Smith Plaintiffs have repeatedly attempted to contact the Kremers regarding improper redactions in their documents, including through email correspondence on April 11, 14, and 22, and by sending a hard copy via FedEx on April 22, 2025. The Smith Plaintiffs have not received any response from the Kremers. Accordingly, the Smith Plaintiffs request leave from the Court to file a motion to compel Mss. Kylie and Amy Kremer to produce unredacted versions of documents previously redacted, and provide a privilege log justifying privilege assertions over information that remains redacted.

### 2.    Enforcement Actions

The Smith Plaintiffs have commenced proceedings to compel productions from Rudolph Giuliani and Caroline Wren. *See Smith, et al. v. Giuliani*, 1:24-mc-00351 (S.D.N.Y.); *Smith, et al. v. Wren*, 9:24-mc-81074 (S.D. Fla.). The proceedings as to Mr. Giuliani remains pending, and the Smith Plaintiffs will update the Court when any further proceedings occur or any decisions are made.

In the *Wren* matter, the court granted the Smith Plaintiffs' motion to compel Ms. Wren's compliance with a subpoena duces tecum and ordered Ms. Wren to produce all responsive documents by May 16, 2025. *Wren* ECF No. 16. Ms. Wren did not produce documents by that date. On June 17, 2025, the Smith Plaintiffs moved for entry of an order of contempt and for sanctions against Ms. Wren for failure to comply with the Court's April 29, 2025 order. On June 18, 2025, the court ordered expedited briefing on the Smith Plaintiffs' motion, requiring Ms. Wren to

respond by June 23, 2025. The Smith Plaintiffs will update the Court when any further proceedings occur or any decisions are made. *Wren* ECF No. 17.

### 3.    Third-Party Subpoenas

On April 7, 2025, the Smith Plaintiffs a served a subpoena duces tecum and a deposition subpoena on Roger Stone. On May 30, 2025, Mr. Stone objected to the subpoena duces tecum. The Smith Plaintiffs are continuing to evaluate the Stone position, and will update the Court if resolution is reached or if it appears to require court intervention.

On May 4, 2025, the Smtih Plaintiffs served a subpoena duces tecum and a deposition subpoena on Zachary Parkinson. Mr. Parkinson's counsel has said he intends to respond to the subpoena duces tecum by June 30, 2025.

### 4.    National Archives and Records Administration

On September 3, 2024, the Court granted the Smith Plaintiffs' Motion for a Final Order Issuing a Subpoena to the National Archives and Records Administration ("NARA") and ordered NARA to respond to the Smith Plaintiffs' subpoena. *See Smith* ECF No. 324. On November 21, NARA confirmed it had sent its first notification of potentially responsive records to then-incumbent President Biden and then-former President Trump. NARA later informed the Smith Plaintiffs that, on January 3, 2025, Defendant Trump had requested a three-week extension to respond to NARA regarding producing documents. On February 5, 2025, NARA informed the Smith Plaintiffs that, because President Biden did not respond to NARA's review request before leaving office, Defendant Trump's White House counsel was now charged with reviewing the production and had 30 days to do so. On March 13, 2025, NARA informed the Smith Plaintiffs that President Trump's White House Counsel's Office had "extended their review period by 30 days." On April 15, 2025, NARA informed the Smith Plaintiffs that the White House Counsel's Office had

"requested a 45 day extension, which would expire on May 19." On May 15, 2025, NARA informed the Smith Plaintiffs that the White House Counsel's Office had requested another 45 day extension.

### D.    Trump Entity Defendants' Third-Party Discovery Requests

The Campaign's discussions and negotiations with the Department of Justice regarding its outstanding Touhy requests are ongoing. As part of this process, the Campaign is working with Plaintiffs on obtaining Privacy Act Authorization and Waivers.

### E.    Defendants Pezzola and Rhodes' Motion to Set Aside Default

On April 28, 2025, Defendants Pezzola and Rhodes filed a renewed motion to set aside default. *Smith* ECF No. 386. On May 30, 2025, the Smith Plaintiffs filed an opposition to Defendants Pezzola and Rhodes' renewed motion to set aside default. *Smith* ECF No. 399. On June 6, 2025, Defendants Pezzola and Rhodes submitted their reply regarding their motion to set aside default. *Smith* ECF No. 402.

### F.    Defendant Mele's Motion for Summary Judgment

On May 18, 2025, Defendant Mele moved for summary judgment against *Smith* Plaintiff Conrad Smith. *Smith* ECF No. 394. Upon consideration of an unopposed motion, the Court extended the *Smith* Plaintiffs' time to respond to July 17, 2025. *Smith* May 30, 2025, Minute Order.

### G.    Depositions

On May 13, 2025, the Court vacated its December 19, 2024 Minute Order (schedule) in the *Smith* action, staying depositions until 14 days after the Court issues the latter of Defendant Trump's pending motion for summary judgment on the ground of presidential immunity, and Plaintiffs' motion to strike the United States' notices of substitution of itself for Defendant Trump as to the Tort claims arising under District of Columbia law. *See Smith* ECF No. 393.

Dated:  June 23, 2025                              Respectfully submitted,


 /s/     *Joshua S. Margolin*                        /s/     *Jason C. Greaves*
Faith E. Gay, *pro hac vice*                     Jesse Binnall
Joshua S. Margolin, *pro hac vice*               Jason Caldwell Greaves
Babak Ghafarzade, *pro hac vice*                 BINNALL LAW GROUP
SELENDY GAY PLLC                                 717 King Street Suite 200
1290 Avenue of the Americas                      Alexandria, VA 22314
New York, NY  10104                              Tel: 703-888-1943
Tel: 212-390-9000                                jesse@binnall.com
fgay@selendygay.com                              jason@binnall.com
jmargolin@selendygay.com
bghafarzade@selendygay.com                       *Attorneys for Defendants Donald J. Trump for*
                                                 *President, Inc. and Make America Great Again*
                                                 *PAC*
 /s/     *Edward G. Caspar*
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW                            /s/     *Jonathan R. Myers*
1500 K Street N.W. Suite 900                     Reginald M. Skinner
Washington, DC 20005                             Jonathan R. Myers, D.C. Bar No. 1601183
Tel: 202-662-8390                                John B. Martin
ecaspar@lawyerscommittee.org                     U.S.  DEPARTMENT  OF  JUSTICE,  CIVIL
mepstein@lawyerscommittee.org                    DIVISION
                                                 175 N Street NE
                                                 Washington, DC 20002
 /s/     *William J. Blechman*                       Tel: 202-305-8049
William J. Blechman, *pro hac vice*              Fax: 202-616-431
Elizabeth B. Honkonen, *pro hac vice*            reginald.m.skinner@usdoj.gov
Jeffrey T. Foreman, *pro hac vice*               jonathan.r.myers@usdoj.gov
SPERLING KENNY NACHWALTER                        john.b.martin@usdoj.gov
Four Seasons Tower – Suite 1100
1441 Brickell Avenue                             *Attorneys for United States of America*
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com
jtf@sperlingkenny.com


*Attorneys for Plaintiffs Conrad Smith, et al.*


 /s/ *Joseph Sellers*
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878

COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue N.W. Fifth Floor
Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699 jsellers@cohenmil-
stein.com bcorman@cohenmilstein.com
adeich@cohenmilstein.com

Janette McCarthy-Wallace, Bar No.
OH066257
Anthony P. Ashton, Bar No. MD25220
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*


  /s/ *Matthew Kaiser*
Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
Daniel Csigirinszkij, D.C. Bar No. 90017805
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com
dcsigirinszkij@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

/s/ *Mark Zaid*
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No.
975905 MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
Daniel Csigirinszkij, D.C. Bar No.
90017805 KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com
dcsigirinszkij@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2025, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: June 23, 2025                    By:         _/s/   Joshua S. Margolin_
                                                            Joshua S. Margolin